# Exhibit  A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>48th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>16   33002  GC   7<br>JUDGE KIMBERLY SMALL |
|---|---|---|

| Court address | | Court telephone no. |
|---|---|---|
| 4280 Telegraph Road, Bloomfield Hills, MI 48302 | | (248) 647-1141 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Melinda Hindo<br>c/o MICHIGAN CONSUMER CREDIT LAWYERS<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | v | Equifax Information Services, LLC and<br>Discover Financial Services, Inc. |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Gary D. Nitzkin P41155<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 |

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 10///3/16 | 12/30/16 | Elizabeth Clark   rtn |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>West Bloomfield, Michigan | Defendant(s) residence (include city, township, or village)<br>East Lansing, Michigan and Chicago, Illinois |
|---|---|

| Place where action arose or business conducted |
|---|
| West Bloomfield Township, Michigan |

| 9-23-16 | RECEIVED | Gary D. Nitzkin w/permission |
|---|---|---|
| Date | | Signature of attorney/plaintiff |

SEP 3 0 2016

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

48TH DISTRICT COURT

MC 01  (5/15)  **SUMMONS AND COMPLAINT**   MCR 2.102(b)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
   together with _____
                List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____ Signature: _____
                            Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

_____ on _____
                                    Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 48th DISTRICT COURT

MELINDA HINDO,
     Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company, and
DISCOVER FINANCIAL SERVICES, INC.,
a Delaware corporation.
     Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, MELINDA HINDO, THROUGH COUNSEL,**

**MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for her

Complaint against the Defendants, plead as follows:

## VENUE

1. The transactions and occurrences which give rise to this action occurred in West

    Bloomfield Township, Oakland County, Michigan.

2. Venue is proper in 48th District Court in Oakland County, Michigan as the actions and

    occurrences recited herein occurred in West Bloomfield Township, in Oakland County,

    Michigan.

1



RECEIVED
SEP 3 0 2016
18TH DISTRICT COURT

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and

   b. Discover Financial Services, Inc. ("Discover") which is a Delaware corporation that maintains registered offices in Cook County, Illinois.

### GENERAL ALLEGATIONS

5. In March 2013, Ms. Hindo's ex-husband applied for a Discover account and forged Ms. Hindo's signature without her permission.

6. In March 2015, Ms. Hindo's ex-husband applied for another Discover account and forged Ms. Hindo's signature, again without her permission.

7. On or about November 2, 2015, Ms. Hindo obtained her credit files and noticed various accounts that were fraudulent. She called Experian, Equifax and Trans Union ("Credit Reporting Agencies" or "CRAs") and informed them the fraudulent accounts. She also called every company that reporting a fraudulent account on her credit report and notified them that these accounts were not hers, including Discover.

8. In November 2015 when Ms. Hindo spoke with Discover's representative who threatened her with credit delinquencies and trapped her in a payment plan. The representative told Ms. Hindo that if she did not pay the accounts, then it would pursue legal action. Ms. Hindo called Discover back approximately two minutes later, sobbing, stating that she

2

RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

could not afford to pay the fraudulent debt. In response, Discover stated that it could not "un-enroll" her. Due to Discover's threats, Ms. Hindo agreed to a payment plan on the fraudulent account.

9. On or about February 20, 2016, Ms. Hindo filed a police report with the West Bloomfield Township Police Department to report the theft of her identity and the bogus Discover accounts.

10. On or about March 7, 2016, Discover sent Ms. Hindo the application for the fraudulent accounts. The signature on the application was not hers.

11. On or about July 15, 2016, Ms. Hindo obtained her Equifax credit file and noticed that Discover continued to report the two Bogus Trade Lines.

12. On or about August 4, 2016, Ms. Hindo submitted a letter to Equifax disputing both Bogus Trade Lines. In the dispute letter, she attached her police report and she requested that the Bogus Trade Lines be removed from her credit file.

13. Upon information and belief, Equifax forwarded Ms. Hindo's consumer dispute to Discover.

14. On or about August 25, 2016, Ms. Hindo received correspondence from Equifax showing that it added an extended fraud alert to her Equifax credit file.

15. On or about September 6, 2016, Ms. Hindo received two emails from Discover regarding the Bogus Trade Lines. Both of these emails stated that it needed to talk with her right away about her Discover accounts. Ms. Hindo did not call Discover.

16. On or about September 8, 2016, Ms. Hindo received Equifax's investigation results which showed that Discover retained both Bogus Trade Lines.

3



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

17. On or about September 12, 2016, Discover sent Ms. Hindo a letter stating that it conducted a review of one of the accounts and it determined that no fraud had occurred.

18. On or about September 16, 2016, Ms. Hindo obtained her Equifax credit file which showed that Discover continued to report both Bogus Trade Lines.

### COUNT I

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax that Ms. Hindo disputed the accuracy of the information it was providing, Discover willfully failed to conduct a proper reinvestigation of Mr. Hindo's dispute.

21. Discover willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Discover's willful failure to perform its respective duties under the FCRA, Ms. Hindo has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Discover is liable to Ms. Hindo for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

4



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Discover for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax of Ms. Hindo's consumer dispute to the Bogus Trade Lines, Discover negligently failed to conduct a proper investigation of Ms. Hindo's dispute as required by 15 USC 1681s-2(b).

26. Discover negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Bogus Trade Lines from Ms. Hindo's credit file.

27. The Bogus Trade Lines are inaccurate and creating a misleading impression on Ms. Hindo's consumer credit file with Equifax to which it is reporting such trade line.

28. As a direct and proximate cause of Discover's negligent failure to perform its duties under the FCRA, Ms. Hindo has suffered damages, mental anguish, suffering, humiliation and embarrassment.

29. Discover is liable to Ms. Hindo by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5


RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

30. Ms. Hindo has a private right of action to assert claims against Discover arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Discover for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Hindo as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Hindo that was false, misleading and inaccurate.

34. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Hindo, in violation of 15 USC 1681e(b).

35. After receiving Ms. Hindo's consumer dispute to the Bogus Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Hindo has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

6



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

37. Equifax is liable to Ms. Hindo by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Hindo as that term is defined in 15 USC 1681a.

40. Such reports contained information about Ms. Hindo that was false, misleading and inaccurate.

41. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Hindo, in violation of 15 USC 1681e(b).

42. After receiving Ms. Hindo's consumer dispute to the Bogus Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

7



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

43. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Hindo has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

44. Equifax is liable to Ms. Hindo by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

8



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT

Respectfully submitted,

September 23, 2016

Gary D. Nitzkin s/permission

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

9



RECEIVED
SEP 3 0 2016
48TH DISTRICT COURT





CERTIFIED MAIL

7015 3010 0001 7056 8637

NITZKIN AND ASSOCIATES
22142 W. NINE MILE RD
SOUTHFIELD, MI 48033

Equifax Information Services, LLC
R/A: CSC Lawyers Incorporating Service Company
601 Abbot Road
East Lansing, MI 48823